UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHELLE ZAPINSKI,

    Plaintiff(s),

v.

WAL-MART STORES, INC.,

    Defendant(s).

Case No.: 2:17-cv-02176-APG-NJK

**Order**

[Docket No. 22]

The presumptively reasonable discovery period is 180 days. Local Rule 26-1(b)(1). In this case, the parties have already had nearly a year to conduct discovery. On April 30, 2018, the Court granted the third request to extend discovery deadlines, but also cautioned that "**NO FURTHER EXTENSIONS WILL BE GRANTED**." Docket No. 21 at 3 (emphasis in original). Now pending before the Court is the parties' fourth stipulation for extension, which ignores the previous warning and seeks more time due to an unidentified scheduling conflict for an expert deposition. Docket No. 22 at 2.[1] The parties seek a 60-day extension. *See id.* No reason is provided as to why such a lengthy extension is required to reschedule a deposition. *Cf. Reddy v. Precyse Solutions LLC*, 2015 WL 2081429, at *3 (E.D. Cal. May 4, 2015) ("courts generally find that one week to ten days' notice is reasonable" for depositions (collecting cases)). The Court finds that there is

---

[1] The stipulation also indicates that the parties are trying to locate a fact witness for a deposition. *See id.* The stipulation does not explain why the extensive discovery period already provided did not provide sufficient time for those efforts.

1

insufficient justification for such a lengthy extension, especially given the ample discovery period already provided. Instead, the Court will allow a 14-day extension to the discovery cutoff.

Accordingly, the stipulation to extend is **GRANTED** in part and **DENIED** in part. The discovery cutoff is **EXTENDED** to July 11, 2018. The other deadlines in the scheduling order remain unchanged. **NO FURTHER EXTENSIONS WILL BE GRANTED.**

IT IS SO ORDERED.

Dated: June 26, 2018

_____
Nancy J. Koppe
United States Magistrate Judge