# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE ZAPINSKI, an individual,<br><br>Plaintiff<br><br>v.<br><br>WAL-MART STORES INC., a foreign corporation d/b/a WAL-MART SUPERCENTER #1584; DOES 1 through 10, inclusive; ROE CORPORATIONS 11 through 20, inclusive; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive,<br><br>Defendants | Case No.: 2:17-cv-02176-APG-NJK<br><br>**Order Rejecting Proposed Pretrial Order**<br><br>[ECF No. 27] |

The parties' proposed Joint Pretrial Order (ECF No. 27) does not comply with Local Rules 16-3 and 16-4. For example, in Zapinski's exhibit list, she includes vague references to "Documents regarding Ms. Zapinski's wage loss" and "Billing statement and medical records from Las Vegas Radiology." Zapinski also attempts to "reserve[] the right to utilize any exhibits from Plaintiff's FRCP 26(a)(1) or FRCP 26(a)(3) disclosures and supplements thereto, as well as Defendant's responses to Plaintiff's written discovery requests . . . ." Similarly, Wal-Mart lists vague categories such as "[a]ny and all medical, pharmaceutical, radiological, and/or other treatment-related records produced by Plaintiff and/or obtained by Defendant in the instant litigation." And Wal-Mart attempts to "reserve[] the right to use all documents produced by another party . . . ." Local Rule 16-3(b)(8) requires parties to list their specific trial exhibits, rather than vaguely referring to "any exhibits" or reserving their right to identify exhibits later. Such vague, broad designations of exhibits make it impossible for the

other party to object, as proven by the fact that here neither party states any objections any exhibits, as required by Local Rule 16-3(b)(8)(B).

Zapinski lists 36 witnesses, which likely is every witness identified in discovery. Despite this voluminous list, the parties insist that the trial will last only six to eight days, which is nearly impossible. Zapinski's counsel apparently has not bothered to think about the witnesses she actually intends to use at trial.

Further, Zapinski lists several "PMK and/or COR" witnesses and the vague "State Farm." Wal-Mart lists "Zapinski's medical providers (as disclosed and listed in Plaintiff's ECC disclosures and supplements thereto)," and it attempts to "reserve[] the right to call all witnesses identified by Plaintiff in her disclosures and . . . any and all medical practitioners who have treated, seen, examined or consulted with Plaintiff before, during, and after the time period referenced in Plaintiff's Complaint." Again, such vague designations and reservations are not allowed under the Local Rules. The parties should know by now the names of the witnesses they intend to present at trial. If those witnesses were not identified during discovery, they cannot be called at trial.

Finally, the parties' proposed "Action by the Court" does not match Local Rule 16-4.

Local Rule 16-3 requires the parties to personally discuss these and other issues. The requirements set forth in Local Rules 16-3 and 16-4 are designed to streamline trial preparation and presentation, and to foster settlement. The parties cannot simply wait to make decisions about witnesses, exhibits, and trial strategies until the eve of trial. If they do, they cannot fully participate in settlement discussions. It is apparent from the proposed Joint Pretrial Order that the parties either ignored Local Rule 16-3, or did not properly conduct the required conference in the spirit of the rule.

IT IS ORDERED that the parties' Joint Pretrial Order (**ECF No. 27**) **is REJECTED.** The parties shall personally confer as required in Local Rule 16-3, and submit a Joint Pretrial Order that complies with Local Rule 16-4 by March 7, 2019.

DATED this 14th day of February, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE